Barry J. Glickman, Esq.
David S.S. Hamilton, Esq.
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

Attorneys for Defendant
 *Citibank, N.A.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORDECHAI ATLAS,<br><br>      Plaintiff,<br><br>- against -<br><br>EQUIFAX INFORMATION SERVICES, LLC, CITIBANK, N.A.,<br><br>      Defendants. | CASE NO. 18 CV 3233 WFK-SMG<br><br>**ANSWER WITH COUNTERCLAIMS** |

Defendant Citibank, N.A., by its attorneys, Zeichner Ellman & Krause LLP, answers the complaint, upon information and belief, as follows:

1. It has no knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraphs 1 through 8, 11, 12, 13, 16, 17, 37 through 43, 45 through 50, 52, 53, 54, 55 and 63 of the complaint.

2. It denies each and every allegation contained in paragraph 9 of the Complaint, except it is a national banking association with a main office in Sioux Falls, South Dakota, it has branches in New York City, and it furnishes certain information to credit reporting agencies.

979166

3. It denies each and every allegation contained in paragraphs 14, 15, 56 through 61, 64 through 73 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

4. Plaintiff fails to state a claim upon which relief may be granted against Citibank.

## SECOND AFFIRMATIVE DEFENSE

5. Plaintiff fails to state a claim for willful violation of the FCRA.

## THIRD AFFIRMATIVE DEFENSE

6. Plaintiff fails to state a claim for negligent violation of the FCRA.

## FOURTH AFFIRMATIVE DEFENSE

7. Citibank conducted a reasonable investigation into any dispute made by Plaintiff to defendant Equifax Information Services, LLC.

## FIFTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims against Citibank are barred by 15 U.S.C. § 1681h(e).

## SIXTH AFFIRMATIVE DEFENSE

9. Plaintiff' claims against Citibank are barred because information, if any, Citibank communicated to defendant Equifax Information Services, LLC regarding Plaintiff was true.

### SEVENTH AFFIRMATIVE DEFENSE

10. Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested.

### EIGHTH AFFIRMATIVE DEFENSE

11. Citibank acted in good faith and in accordance with the reasonable commercial standards of its business and for legitimate business reasons.

### NINTH AFFIRMATIVE DEFENSE

12. Damages, if any, allegedly sustained by Plaintiff are the results of the acts or omissions of third persons over whom Citibank had neither control nor responsibility.

### TENTH AFFIRMATIVE DEFENSE

13. Plaintiff has not suffered any damages as a result of any alleged conduct of Citibank.

### ELEVENTH AFFIRMATIVE DEFENSE

14. This action is barred, in whole or in part, by documentary evidence including, *inter alia*, the terms of agreements between Plaintiff and Citibank governing the banking relationship between the parties.

### TWELFTH AFFIRMATIVE DEFENSE

15. The Complaint is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred by the doctrine of estopped.

## FOURTEENTH AFFIRMATIVE DEFENSE

17. If the damages allegedly sustained by Plaintiff occurred at the time and place and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of Plaintiff, and if any damages are recoverable against Citibank, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

18. Damages, if any, allegedly sustained by Plaintiff were caused, in whole or in part by superseding and/or intervening acts of Plaintiff and/or others than Citibank.

## SIXTEENTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM

19. Citibank repeats and realleges the allegations contained in paragraphs 1 through 18.

20. This Court has subject matter jurisdiction over Citibank's Counterclaims under 28 U.S.C. § 1367(a) because such claims are so related to the claims in the complaint that they form part of the same case or controversy under Article III of the United States Constitution.

21. The Court has personal jurisdiction over Plaintiff by virtue of Plaintiff's commencement of this action.

22. At all relevant times, Citibank maintained a joint checking account (the "Account"), account number xxxx0833 (redacted except for the last four digits), in the names of Plaintiff and Raizel Atlas (the "Joint Accountholders").

23. At all relevant times Plaintiff received monthly statements from Citibank in connection with the Account.

24. Each account statement disclosed a Checking Plus line of credit account.

25. Pursuant to a Checking Plus Line of Credit Account Agreement (the "Agreement"), Citibank customers agree to be jointly and individually liable to Citibank for any extensions of credit thereunder.

26. Citibank extended to the Joint Accountholders a Checking Plus line of credit in the principal amount of $2,000. to cover overdrafts to the Account (the "Loan") for which Plaintiff is obligated to Citibank.

27. Plaintiff is presently indebted to Citibank in the amount of not less than $2,162.07 for outstanding principal and interest on the Loan.

28. The Agreement provides that a Citibank customer is in default of the Agreement by failing to make monthly payments to Citibank.

29. Plaintiff made certain payments on the Loan until August 2014 when he defaulted on his obligation to make such payments, following which Plaintiff has failed and refused to make any payment despite demand.

30. By reason of his default under the Agreement, Plaintiff is indebted to Citibank in the approximate amount of $2,162.07, plus interest, fees and charges.

## SECOND COUNTERCLAIM

31. Citibank repeats and realleges the allegations contained in paragraphs 1 through 30.

32. Plaintiff incurred and failed to repay the Loan.

33. Plaintiff refuses and has refused to pay the money lent.

34. By reason of his failure to repay the money lent, Plaintiff is indebted to Citibank in the approximate amount of $2,162.07, plus interest, fees and charges.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Citibank, N.A. demands judgment against Plaintiff as follows:

1. Dismissing the Complaint with prejudice;

2. Judgment against Plaintiff in the amount of $2,162.07 plus interest;

      3.      Awarding Citibank costs and attorneys' fees; and

      4.      Awarding Citibank such other and further relief as this Court deems just and proper.

Dated:  September 13, 2018
         New York, New York

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/ David S.S. Hamilton
Barry J. Glickman
David S.S. Hamilton
Attorneys for Defendant
 Citibank, N.A.
1211 Avenue of the Americas
New York, New York  10036
(212) 223-0400